**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02308-CMA-CBS

THE HOME LOAN INVESTMENT COMPANY, a Colorado corporation,

    Plaintiff,

v.

THE ST. PAUL MERCURY INSURANCE COMPANY, d/b/a or
  a/k/a TRAVELERS, a Connecticut corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S MOTION FOR AN INTRA-DIVISION TRANSFER**

---

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. # 25.) and Plaintiff's Motion for Intra-Division Transfer of the Trial to Grand Junction, Colorado. (Doc. # 28.)

As to the motion for summary judgment, upon review of the parties' briefing and the evidence referenced therein, the Court determines that genuine issues of material fact preclude the Court from granting the summary judgment motion on each of Plaintiff's claims. Defendant's motion is therefore denied.

As to the motion for transfer, the Court first notes that the District of Colorado comprises both one judicial district and one division. *See* 28 U.S.C. § 85. Grand Junction, Colorado, is clearly within the same division as Denver and Plaintiff's motion

is therefore governed by 28 U.S.C. § 1404(c), which dictates that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In weighing a motion for an intra-division transfer, courts in the Tenth Circuit generally consider the following factors in determining whether a transfer is proper: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical.  *See, e.g.*, *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr.*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006).

Upon consideration of each of these factors, they strongly favor[1] transfer of this case from Denver to Grand Junction.  The Court addresses each of the factors in turn.

The first factor favors transfer because it is undisputed that Plaintiff originally sought to have this action proceed in state court in the Grand Junction area.  Further, Plaintiff has consistently sought to proceed with trial at the federal court house in Grand Junction.  (*See, e.g.*, Doc. # 16, at 13.)

---

[1]  Citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992), Defendant appears to suggest that intra-divisional transfer is appropriate only if the factors "strongly . . . favor" the movant.  (Doc. # 30, at 3.)  In *Scheidt*, this standard applied to a change of *venue* as between different judicial *districts*, not as between sites that are in the *same* judicial district and the *same* judicial division. Further, this standard applied where the proposed transferee venue is different from the plaintiff's original choice of forum.  Without addressing how Defendant interprets the case, Plaintiff cites *Scheidt* for the proposition that because the original forum was a state court in Grand Junction, Plaintiff's motion should be denied only if the factors strongly favor Denver.  (Doc. #34, at 2.)  The Tenth Circuit has never addressed the burden on the moving party in a motion for intra-division transfer, though the decision is reviewed for abuse of discretion.  *See, e.g.*, 15 Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 3855 (4th ed. Dec. 2013 update). This Court need not resolve the parties' contradictory interpretations of *Scheidt* because Plaintiff prevails even under the tougher standard.

Second, Grand Junction is a more convenient locale for a number of the witnesses—in particular, the non-party witnesses who appear to live closer to Grand Junction than they do to Denver. *Cf.* 15 Charles Alan Wright, et al, Fed. Prac. & Proc. Juris. § 3851 (4th ed. Dec. 2013 update) ("The convenience of witnesses, *particularly nonparty witnesses important to the resolution of the case*, is often cited as the most significant factor in ruling on a motion to transfer . . . ." (emphasis added)). Further, while Grand Junction is not as convenient for some of the out-of-state parties, who would have a shorter travel time to Denver than to Grand Junction, those parties will already be spending the better part of a day traveling to Denver from Connecticut and Minneapolis. Comparatively, it is less disruptive on those parties to have them take an extra flight from Denver to Grand Junction than it is to ask parties in Grand Junction to travel to Denver.

Third, many of the witnesses—and both non-party witnesses—along with other sources of proof are already located closer to Grand Junction. Further, to the extent any documentary evidence is located in Denver instead of Grand Junction, there is no dispute that it could be inexpensively transported to Grand Junction for trial.

Fourth, both parties can expect to receive a fair trial in both locales. Defendant's argument that it cannot obtain a fair trial in Grand Junction because of Plaintiff's business interests in the area is unpersuasive. Defendant cites no case law in support of this argument and other courts that are in judicial districts with one division have reasoned that the proper way to address the concern is through effective juror *voir dire*—not through the denial of a motion for intra-division transfer. *See Boyer v. Bd.*

3

*Of Cnty Comm'rs of Cnty of Johnson County*, 94-4078-SAC, 1995 WL 106346, at *2 (D. Kan. Jan. 19, 1995); *see also Four Corners*, 464 F. Supp. 2d at 1059 (rejecting a similar argument).

Fifth, there is no practical impediment to having a trial in Grand Junction. As Plaintiff notes, the federal government has designed a state-of-the-art facility for federal proceedings in that city.  Further, to the extent that all the relevant parties are in one locale, where a number of them also reside, proceeding in Grand Junction might actually facilitate the ease, expedience, and economy with which the trial is conducted.[2]

The first and second factors strongly favor Plaintiff's site for trial.  The third through fifth factors are at worst neutral.  In light of the strength of the first two factors, this Court concludes that the factors in the aggregate strongly favor trial in Grand Junction.

---

[2] Defendant appears to suggest that the fact that the attorneys are Denver-based should weigh against an intra-division transfer. (Doc. # 30, at 9.)  But it is well established that the location and convenience of counsel is a not a relevant factor in considering motion to transfer.  *See, e.g.*, *Bailey v. Union Pac. R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005).  Defendant also relies on *Home Design Servs., Inc. v. Trumble*, No. 09-CV-00964-WYD-CBS, 2011 WL 1526557 (D. Colo. Apr. 20, 2011), and *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164 (D. Colo. 2005).  That reliance is misplaced because both cases are distinguishable.  *Trumble* found that the witness convenience factor weighed less heavily in favor of transfer, in light of the fact that the witnesses who lived further from Denver were only *potential* witnesses.  In contrast, in this case, it is undisputed that the Grand Junction witnesses, particularly the non-party witnesses, *will* be called.  Further, in contrast to this case, *Wolf* concerned a motion for a transfer of venue that was opposed by the plaintiff and one in which it was unclear that non-party witnesses would be prejudiced if venue was not changed.

4

Accordingly the Court ORDERS that Defendant's Motion for Summary Judgment (Doc. # 25) is DENIED and Plaintiff's Motion for an Intra-Division Transfer (Doc. # 28) is GRANTED.

DATED: February 7, 2014

BY THE COURT

_____
CHRISTINE M. ARGUELLO
United States District Judge

5