**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02308-CMA-CBS

THE HOME LOAN INVESTMENT COMPANY, a Colorado corporation,

    Plaintiff,

v.

THE ST. PAUL MERCURY INSURANCE COMPANY, d/b/a or
  a/k/a TRAVELERS, a Connecticut corporation,

    Defendant.

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

This matter is before the Court *sua sponte*. This Court requires further briefing on two matters related to the parties' proposed jury instructions. The parties shall both file supplemental briefs on these matters **no later than** 5:00 pm on Sunday, June 22, 2014.

### A.    DEFENDANT'S REASONABLENESS INSTRUCTION

Defendant offers an instruction suggesting that "[a]n insurance company's position is not unreasonable when it is fairly debatable." Plaintiff disputes that this instruction is warranted, and offers no competing instruction.

The parties' dispute here turns on a legal question: whether establishing that the validity of an insurance claim is "fairly debatable" *necessarily* means that it was reasonable to deny the claim or whether "fair debatability" is merely *indicative* of reasonableness. The Court requires further briefing from the parties on this legal

question. In short, the current state of the law on this issue is confused and potentially contradictory—and the parties do not address these contradictions in the current briefing. The Court outlines its concerns with the present briefing as follows:

*First*, in briefing thus far presented to this Court, the parties cite no precedent from the Colorado Supreme Court on the fair debatability question. Defendant elliptically references *Travelers Insurance Corporation v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985), for the proposition that it is reasonable to deny a claims whose validity is fairly debatable, but the Court fails to see how this case necessarily stands for this proposition. Plaintiff cites no precedent to the contrary and does not reference *Savio*.

*Second*, the parties rely on competing (and potentially inconsistent) opinions from the Colorado Court of Appeals that both support and undermine the position that it is necessarily reasonable to deny a fairly debatable claim. *Compare, e.g., Zolman v. Pinnacol Assur.*, 261 P.3d 490, 496 (Colo. App. 2011) (cited by Defendant for the proposition that "it is reasonable for an insurer to challenge claims that are 'fairly debatable.'"), *with Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 759-60 (Colo. App. 2012) (cited by Plaintiff for the proposition that "if a reasonable person would find that the insurer's justification for denying or delaying payment of a claim was 'fairly debatable,' this weighs against a finding that the insurer acted unreasonably" and that "fair debatability is not a threshold inquiry that is outcome determinative as a matter of law"). Each party cites the Court of Appeals precedent that supports their position, but ignore the contradictory authorities cited by the other party. Nevertheless, both types of authorities are presumably relevant to determining the legal question at issue here.

*Third*, in a case not cited by either party, *Hansen v. American Family Insurance Corporation*, -- P.3d --, 2013 COA 173, 2013 WL 6673066 (Colo. App. Dec. 19, 2013), *cert. pending*, No. 14sc99 (Colo. 2014). The Colorado Court of Appeals attempted to reconcile prior competing positions it had taken on the fair debatability question by distinguishing between the fair debatability standard as it applies to common law and statutory bad faith claims. *Id.* at *6-7. Under *Hansen*, if a claim is fairly debatable, that finding is not dispositive as to reasonableness for purposes of the statutory claim—at least under the facts presented in that case. *Hansen* suggests the same for purposes of a common law bad faith claim. *Id.* Beyond not referencing *Hansen*, the parties have not indicated whether this reasonableness instruction relates only to the common law bad faith claim or to the statutory one as well.

The parties are instructed to provide further briefing that addresses: (1) whether there is clear precedent from the Colorado Supreme Court on this legal question; (2) if there is no controlling precedent from the Colorado Supreme Court, how this Court should interpret the relevant precedent from the Colorado Court of Appeals; and (3) if advisable, how the reasonableness instruction should be amended or incorporated into the separate instructions for the statutory and bad faith claims. The parties are encouraged to reach agreement on these questions, which would of course obviate the need for further briefing. If briefing is necessary, the parties are instructed to address the authorities referenced in prior briefing that support their position **and** those that do not.

### B.   PLAINTIFF'S INSTRUCTIONS RELATED TO INTERPRETATIONS AGAINST THE DRAFTER AND INTENT OF THE PARTIES

Defendant raises objections to two instructions offered by Plaintiff. The first relates to an instruction that directs the jury to construe ambiguous[1] terms against the drafter of a contract; the second suggests that the jury can consider statements or conduct of the parties to determine the intent of the parties in entering into a contract. Defendant objects to the use of these instructions, relying on language from the "Notes on use" included with both of these jury instructions, which states "[w]hen **the court has determined** the contract term is ambiguous . . . , contract interpretation is a jury issue and this instruction should be used."

Defendant argues this instruction should be allowed only after a "determination by the court and there is a written contract in this case." (Doc. # 59 at 3.) *But cf.* (Doc. # 55 at 3.) (Defendant's reply to motion in limine in which Defendant argues that "the question for the jury to decide is whether Home Loan had the requisite possession of the property necessary for coverage").

In light of the directive contained in the note and Defendant's position on this instruction, this Court needs further briefing on the parties' understanding of the role the jury and this Court will play in determining liability as to Plaintiff's breach of contract claim. In particular, if these instructions are to be given after a threshold judicial determination that a term is ambiguous, but ambiguous terms are to be construed

---

[1] While the instruction uses the term "unclear" rather than ambiguous, this Court assumes that as used here, "ambiguous" and "unclear" can be used interchangeably. *See also Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991) ("**Ambiguous** language must be construed in favor of the insured and against the insurer who drafted the policy.").

against the drafter (i.e., Defendant), then this Court is uncertain how either proposed instruction is necessary. *Cf. Hansen*, 2013 WL 6673066, at *6 n.2 (finding that it was harmless error to submitting to the jury the question of whether a statutory term is ambiguous when it should be construed against the drafter).

Further, there appears to be a dispute between the parties not only about *who* determines whether there is ambiguity, but also about *what sources* can be used to find that ambiguity. As this Court noted at the final trial preparation conference, there are various approaches to interpreting the "care, custody, or control" language in the contract under consideration here. One approach would be to look at the terms of the contract itself and determine whether they are ambiguous based on only the four corners of the contract. *Cf. Boswell v. Travelers Indem. Co.*, 120 A.2d 250, 254-55 (N.J. Super. Ct. App. Div. 1956) (finding the terms "care, custody, or control" to be inherently ambiguous for purposes of an insurance policy exclusion). Another approach would be to determine ambiguity "depending upon the various factual circumstances presented in [this] particular case[]." 8 A.L.R.4th 563 (collecting authorities, again in the context of cases examining a policy exclusion); *see also Howard Associates, Inc. v. Home Indem. Co.*, 528 P.2d 980 (Colo. App. 1974) (seemingly adopting this approach). If the Court is to make the ambiguity determination as a matter of law, it needs more direction from the parties on how to proceed and what evidence it should consider in making this determination.

The parties are therefore directed to provide further briefing on how the directive contained in the "notes on use" to the two referenced jury instructions affects both the

trial proceedings and the use of either of these instructions.  They are further directed to discuss what evidence should be considered in making the determination as to ambiguity.

* * *

Accordingly, the Court ORDERS that the parties file supplemental briefing on the above issues **no later than 5:00 p.m. on June 22, 2014.**

DATED:  June   20  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge
