**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02308-CMA-CBS

THE HOME LOAN INVESTMENT COMPANY, a Colorado corporation,

      Plaintiff,

v.

THE ST. PAUL MERCURY INSURANCE COMPANY,
d/b/a or a/k/a TRAVELERS, a Connecticut corporation,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO
AMEND JUDGMENT,
GRANTING UNOPPOSED MOTION FOR STAY OF EXECUTION PURSUANT TO
FED. R. CIV. P. 62(b) AND 62(d),
AND
DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR NEW TRIAL**

---

This Matter is before the Court on St. Paul Mercury Insurance Company's

("Travelers'") Motion for Judgment as a Matter of Law or for a New Trial (Doc. # 95), as

well as the parties' Stipulated Motion to Amend Judgment (Doc. # 94) and Unopposed

Motion to Stay Execution Pursuant to Fed. R. Civ. P. 62(b) and 62(d) (Doc. # 96).  The

Motions are combined for purposes of this Order and are addressed, in turn, below.

As for Travelers' Motion for Judgment as a Matter of Law or for a New Trial (Doc.

# 95), Travelers asserts that the jury should have been limited to consideration of

evidence regarding Travelers' claims handling practices—but not its underwriting

practices—in determining Travelers' liability under Colo. Rev. Stat. §§ 10-3-1115 and

10-3-1116.  Specifically, Travelers contends that Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 permit a remedy "solely for unreasonable conduct in the handling of claims, not for underwriting processes or conduct," that its Motion should be granted "based on the lack of **any evidence** that Travelers' claims handling conduct was unreasonable."  (Doc. # 95 at 5, 6) (emphasis added).

"A party is entitled to judgment as a matter of law **only if all of the evidence**, viewed in the light most favorable to the nonmoving party, r**eveals no legally sufficient evidentiary basis** to find for the nonmoving party."  *Burrell v. Armijo*, 603 F.3d 825, 832 (10th Cir. 2010) (emphasis added); *see also Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000) (emphasis added) (holding that a party is entitled to judgment as a matter of law only if "the evidence points **but one way** and is susceptible to no reasonable inferences supporting the party opposing the motion"). Although the court must view the evidence in a light favorable to the non-movant, it should not re-weigh the evidence, judge witness credibility, or challenge the factual conclusions of the jury.  *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir.1997).

In the alternative, Plaintiffs move for a new trial.  (Doc. # 95 at 6-7.)  "If 'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'"  *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

The Court denies Travelers' Motion for Judgment as a Matter of Law or for a New Trial for two reasons.  First, Home Loan presented sufficient evidence at trial relating to Travelers' unreasonable claims handling practices **after** coverage was bound (for example, evidence pertaining to how Travelers investigated the claim and its post-hoc justifications for denying payment) to sustain the jury's finding of bad faith delay or denial under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116—notwithstanding the evidence Home Loan presented about Travelers' conduct in underwriting.  Accordingly, the Court cannot conclude that the evidence points "but one way," *see Deters*, 202 F.3d at 1268, nor can it conclude that the jury's verdict in finding bad faith denial was "clearly, decidedly, or overwhelmingly against the weight of the evidence," *see M.D. Mark, Inc.*, 565 F.3d at 762.

Second, the Court is not persuaded by Travelers' limited interpretation of the statute.  Travelers can point to no authority endorsing its interpretation, nor was the Court able to find any in conducting its own research.  The statutory language, however, is quite sweeping in its purview.  Colo. Rev. Stat. § 10-3-1115(1)(a) provides that "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant," and section 10-3-1115(2) defines "unreasonable delay or denial" in a somewhat circular fashion: "for the purposes of an action brought pursuant to this section and section 10-3-1116, an insurer's delay or denial was unreasonable if the insurer **delayed or denied authorizing payment** of a covered benefit **without a reasonable basis** for that action." (Emphasis added).  The plain language of these provisions does not limit the evidence

the jury can consider to claims handling alone, but instead, allows the jury to examine the reasonableness of the entire "basis" of the delay or denial.

Indeed, whether an insurer engaged in problematic underwriting practices (including failing to adequately investigate whether a policy should be issued in the first place) would clearly be probative in determining whether its basis for denial was, in fact, "reasonable." *See Lewis v. Equity Nat. Life Ins. Co.*, 637 So. 2d 183, 188-89 (Miss. 1994) ("An insurer has an obligation to its insureds to do its underwriting at the time a policy application is made, not after a claim is filed. It is patently unfair for a claimant to obtain a policy, pay his premiums and operate under the assumption that he is insured against a specified risk, only to learn after he submits a claim that he is not insured, and, therefore, cannot obtain any other policy to cover the loss. The insurer controls when the underwriting occurs. . . . If the insured is not an acceptable risk, the application should denied up front, not after a policy is issued. This allows the proposed insured to seek other coverage with another company.") Accordingly, for the above reasons, Travelers' Motion for Judgment as a Matter of Law or for a New Trial is denied.

As for the Stipulated Motion to Amend the Judgment (#94), the Motion is granted in its entirety, with the exception of the requested amendment to the Judgment as to expert witness fees. The parties note that Richard Laugesen, the Plaintiff's expert witness,[1] testified at trial, and accordingly assert that Home Loan should be awarded "his expert witness fees as costs in the amount of $9,142.57." (Doc. # 94 at 1.) This $9,142.57 represents the entire amount Mr. Laugesen billed Home Loan in his role as

---

[1] Mr. Laugesen was not Court-appointed.

an expert – including, but not limited to, the amount he charged for testifying at trial. However, as explained in the Court's prior order, federal law does not allow the recovery of expert witness fees beyond the per diem fee specified in 28 U.S.C. § 1821. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) (emphasis added) ("a federal court may tax expert witness fees in excess of the . . . limit set out in § 1821(b) **only when the witness is court-appointed**.")  Meanwhile, C.R.S. § 10-3-1116 does not explicitly authorize the assessment of expert witness fees as costs; rather, it allows an insured party to recover "court costs."  Another Colorado statute, C.R.S. § 13-33-102(4), does permit the recovery of expert witness fees as costs, and the parties appear to implicitly adopt the argument that C.R.S. § 13-33-102(4) should be applied to allow taxation of Mr. Laugesen's fees as costs here.[2]

However, the Tenth Circuit has specifically held that application of C.R.S. § 13-33-102(4) is preempted by federal law.  *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1293 (10th Cir. 1988) (holding that because Colo. Rev. Stat. § 13–33–102(4) did not "explicitly authorize the assessment of expert witness fees as costs, the [district] court was bound by the limitations set out in the federal costs statute and, as a consequence, its taxation of expert witness fees must be limited to the per diem fee specified in" Sections 1821); *Bullock v. Wayne*, No. 08-CV-00339-PAB-KMT, 2010 WL 1258038, at *2 (D. Colo. Mar. 29, 2010) (denying a party's motion for costs for its expert fees under Colo. Rev. Stat. § 13-17-202, because "Fed. R. Civ.P. 54 and 28 U.S.C. §§

---

[2] Neither Home Loan's original briefs on this issue nor the stipulated Motion specify which state-law statutory provision Home Loan is using in seeking recovery of expert witness costs.

1821 and 1920 effectively preempt a claim for actual costs in the form of expert witness fees.")

Accordingly, Mr. Laugesen's expert witness fees are taxable under 28 U.S.C. § 1920(3) only to the relatively modest extent allowed by 28 U.S.C. § 1821– **not** to the tune of $9,142.57.  *Crawford Fitting Co.*, 482 U.S. at 445.  *Hull ex rel. Hull v. United States*, 978 F.2d 570, 572–73 (10th Cir. 1992) (holding that district court erred in awarding expert witness fees in excess of those allowed by Section 1821).

As for the Unopposed Motion for Stay of Execution Pursuant to Fed. R. Civ. P. 62(b) and 62(d) (Doc. # 96), the Court GRANTS this Motion, finding that supersedeas bond in the amount of $2.1 million (Doc. # 97) is adequate to secure Plaintiff for the judgment pending the disposition of Travelers' appeal.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Travelers' Motion for Judgment as a Matter of Law or for a New Trial (Doc. # 95), is DENIED; it is

FURTHER ORDERED that the parties' Unopposed Motion to Stay Execution Pursuant to Fed. R. Civ. P. 62(b) and 62(d) (Doc. # 96) is GRANTED; it is

FURTHER ORDERED that the parties' Stipulated Motion to Amend Judgment (Doc. # 94) is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the Plaintiff shall be awarded $243,711.95 in attorney fees; it is

FURTHER ORDERED that Plaintiff shall be awarded $1,399,449.00 in total damages; it is

FURTHER ORDERED that Plaintiff shall be awarded $10,146.42 in costs ($20,800.24 minus $9142.57 in expert witness fees and $1511.25 in mediation costs), plus the per diem witness fee permitted by 28 U.S.C. § 1821; it is

FURTHER ORDERED that the award of compensatory damages in the amount of $466,483.00 shall be subject to a prejudgment interest rate of 8% per annum, as of November 11, 2011 through November 26, 2014, totaling $121,771.08; it is

FURTHER ORDERED that the damages and costs award shall be subject to a postjudgment interest rate 0.14%; and it is

FURTHER ORDERED that the parties' Unopposed Motion for Stay of Execution Pursuant to Fed. R. Civ. P. 62(b) and 62(d) is GRANTED.

DATED:  December 17, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge